Submitted on briefs April 17, affirmed June 26, 1928.

GEORGE NASH v. S. R. JAYNES.

(268 Pac. 746.)

For appellant there was a brief over the name of *Mr. Henry E. Slattery.*

For respondent there was a brief over the name of *Mr. Charles A. Hardy.*

BEAN, J.—The plaintiff, Nash, set out in his complaint against the defendant three separate causes of action as follows: the first, on which he claimed an unpaid balance of $130 for work and labor performed for the defendant; second, to recover the alleged value of a promissory note in the sum of $590, and which he claimed had been appropriated and converted to his own use by the defendant; and the third cause of action to recover $2,000 on a charge that the defendant had converted to his own use an automobile belonging to the plaintiff.

The defendant answered, pleading payment in full for the work and labor covered by the first cause of action, and as to the two causes of action of conversion of the note and automobile, the defendant filed his answer and cross-complaint, alleging that he held a bill of sale for the automobile, coupled with an original agreement made simultaneously by

66

the parties, whereby the defendant had taken the bill of sale for the automobile to secure a loan of $962.65, and that the automobile was to be delivered back to the plaintiff at Eugene, Oregon, upon payment of this amount or the delivery by the plaintiff to the defendant of a note and mortgage on the car for the amount of the loan. The plaintiff neither paid the loan nor gave or offered to give a note secured by a mortgage for the amount of the loan.

The facts as pleaded and sustained by the evidence are that the plaintiff undertook to purchase the automobile, a Hudson coupe, from one C. B. Brack at Great Bend, Kansas, and made a small down payment on the car, turning in a second-hand Ford on the purchase price, and that Brack, the automobile dealer, took a conditional sale note and contract, retaining the title to the car as security for the unpaid portion of the purchase price; that on account of the small down payment Brack required further security by the purchaser Nash.

The testimony shows in this connection that Jaynes was the owner and holder of a promissory note made in his favor by one Runyan, and that the defendant loaned this note to Nash and permitted him to deposit it with Brack as additional security for the unpaid purchase price on the Hudson car. The undisputed testimony also shows that Nash defaulted in his payments on the car to Brack and Brack seized the Hudson coupe. Thereupon the plaintiff Nash applied to the defendant Jaynes for aid and Jaynes paid off the amount of the Brack note, expenses and costs. Brack then delivered the conditional sale note over to the defendant Jaynes, together with the Runyan note, which belonged to Jaynes and had been put up as collateral security and also delivered

the Hudson car, the subject of the contract, to the defendant Jaynes. Nash then gave Jaynes a bill of sale of the Hudson coupe which was absolute, and on the same date, the 4th of February, 1926, entered into a written agreement with Jaynes, together with the bill of sale of the car, to be held by Jaynes until he had satisfied the loan. It was further agreed between the parties that Jaynes would deliver the car at Eugene, Oregon, and that Nash should give him a note and mortgage to be paid June 1, 1926.

The Hudson coupe was then a used car and had been driven some thousands of miles. Jaynes brought the car to Eugene, Oregon, where both he and Nash and their families were moving to make their permanent homes, and upon delivery of the car at Eugene, demanded payment of the note and mortgage, and Nash failed to pay the same or any part thereof, but immediately filed this action, alleging a conversion of the car by the defendant Jaynes and of the promissory note which Jaynes had put up as collateral security for Nash and had received back from Brack.

The answer setting up these facts the plaintiff filed his reply admitting the execution of the bill of sale and of the contract and admitting the execution of the conditional sales note in favor of Brack, and claimed he was the owner and holder of the note, which had been pledged to Brack as collateral security. He then alleges that the defendant did not bring the automobile to Oregon as agreed and kept his whereabouts unknown to the plaintiff and he was unable to locate him, and charged again that the defendant had converted the car to his own use and claimed the automobile as his own property.

The defendant in his answer and cross-complaint, after setting out his version of the facts and the instruments in writing covering the transaction, prayed for the foreclosure of the bill of sale as a chattel mortgage.

■ The testimony plainly warrants the judgment and decree. There is a technical objection to the court's trial of the plaintiff's first cause of action without a jury. It would have been improper for the trial court to render a decree in favor of defendant foreclosing defendant's bill of sale as a chattel mortgage for the sum of $962.65, unless the plaintiff was indebted to defendant in that sum. In order to arrive at a conclusion as to such indebtedness, the court was compelled to and did take into consideration the account between plaintiff and defendant, a part of which was embraced in plaintiff's first cause of action and the finding of the court in the trial of the equitable defense settled the issues raised as to said first cause of action. The objection is one of empty form and is not well taken: Or. L., § 390.

■ Where an absolute bill of sale is intended as a mortgage, it will be construed to be one and does not pass title, and creates a lien upon the personal property covered by the bill of sale: *First Nat. Bank of Union* v. *Wegener,* 94 Or. 318 (181 Pac. 990, 186 Pac. 41); 6 Cyc., p. 991.

■ The chattel mortgage was necessarily foreclosed in a suit in equity for the reason that the same was for an amount in excess of $500, and the bill of sale contained no provision for foreclosure, and as a defense to the plaintiff's action for conversion, it was essential that the defendant should justify by setting out his claim of title to the automobile which was an equitable lien coupled with the right of possession,

and in order to avoid a multiplicity of suits, and to dispose of the rights of the parties in the instant case, it was a proper case for a cross-bill for the foreclosure of the equitable lien: *First National Bank of Union* v. *Wegener, supra.*

The judgment and decree of the Circuit Court is affirmed.                                              AFFIRMED.